**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

FILED
JUN 2 6 2001
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) No. |
| v. | ) 01 C 4866 |
| James Reed, | ) MAGISTRATE JUDGE ASHMAN |
| Defendant | ) MAGISTRATE GENERAL |

## COMPLAINT

The United States of America, by SCOTT R. LASSAR, United States Attorney for the Northern District of Illinois, brings this action against the defendant, James Reed, and for its cause of action states:

1. This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1345.

2. The defendant resides within the jurisdiction of this court.

3. Pursuant to the provisions of Title IV of the Higher Education Act of 1965, as amended, 20 U.S.C. §§ 1071 - 1087ii, the defendant executed promissory note(s) as more fully set forth in the Certificate of Indebtedness attached hereto as Exhibit "A". A copy of the note(s) is attached hereto as Exhibit "B".

4. Although demand has been made for payment, there remains due and owing the principal sum of $2,772.13, plus interest to December 11, 2000 in the sum of $3,055.65 at 8.000% per annum from date of default.

DOCKETED JUN 2 6 2001

1-1

WHEREFORE, plaintiff demands judgment against the defendant as follows:

a.  in the amount of $5,827.78 ($2,772.13 principal and $3,055.65 interest accrued through December 11, 2000 and administrative/penalty charges of $.00);

b.  interest to continue to accrue at the rate of 8.000% per annum until the date of judgment;

c.  interest from the date of judgment at the statutory rate pursuant to 28 U.S.C. §1961 until paid in full;

d.  costs of suit, including but not limited to, a filing fee of $150.00, as authorized by 28 U.S.C. § 2412(a)(2), and

e.  for such other proper relief as this court may deem just.

Respectfully submitted,

SCOTT R. LASSAR
United States Attorney

By: MARGARET M. KEEN
Attorney for Plaintiff
TELLER, LEVIT & SILVERTRUST, P.C.
11 E. Adams Street -- Suite 800
Chicago, IL 60603

# U.S. DEPARTMENT OF EDUCATION
## SAN FRANCISCO, CALIFORNIA

### CERTIFICATE OF INDEBTEDNESS

James Reed
10342 S. Church St.
Chicago, IL. 60643

SSN:

I certify that Department of Education records show that the borrower named above is indebted to the United States in the amount stated below plus additional interest from 12/11/00.

On or about 01/26/84, the borrower executed promissory note(s) to secure loan(s) of $2,500.00 from The North Shore National Bank of Chicago at 8.00 percent interest per annum. This loan obligation was guaranteed by Illinois Student Assistance Commission then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et seq. (34 CFR. Part 682). The holder demanded payment according to the terms of the note(s), and credited $0.00 to the outstanding principal owed on the loan(s). The borrower defaulted on the obligation on 02/16/86, and the holder filed a claim on the guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $2,772.13 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement. The guarantor attempted to collect the debt from the borrower. The guarantor was unable to collect the full amount due, and on 09/10/93, assigned its right and title to the loan(s) to the Department.

Since assignment of the loan, the Department has received a total of $0.00 in payments from all sources, including Treasury Department offsets, if any. After application of these payments, the borrower now owes the United States the following:

| | |
|---|---|
| Principal: | $2,772.13 |
| Interest: | $3,055.65 |
| Administrative/Collection Costs: | $0.00 |
| Late fees | $0.00 |
| Total debt as of 12/11/00: | $5,827.78 |

PLAINTIFF'S EXHIBIT NO. 4

Interest accrues on the principal shown here at the rate of $0.61 per day.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: 1/4/01       Name: [signature]
Title: LOAN ANALYST       Jessica Liu
Branch: LITIGATION BRANCH       Loan Analyst

| | | |
|---|---|---|
| ILLINOIS GUARANTEED LOAN PROGRAM<br>102 WILMOT ROAD DEERFIELD, IL 60015<br>312-945-7040 | 08246 57230<br>IGLP INTERIM NOTE<br>(PROMISSORY)<br>(20 U.S.C. 1071-1087)<br>DEF DT<br>03/04/87 (88) | APPLICATION I.D. NUMBER<br>1598878<br>FOR AGENCY USE ONLY |

| LENDER: 803155<br>NORTH SHORE NATIONAL BANK<br>NORMAN ROLAND<br>7737 W HOWARD STREET<br>CHICAGO   IL 60626 | MAKER:<br>REED    JAMES<br>4907 CHAMPLAIN<br>CHICAGO   IL 60615 | SCHOOL: 009105<br>ILL TECH COLLEGE INC<br>FINANCIAL AID OFFICER<br>506 S WABASH AVENUE<br>CHICAGO   IL 60605 |

### Federal Truth In Lending Compliance Statement

| ANNUAL PERCENTAGE RATE | Amount Financed | Late Charge: | If a payment is late, you may be charged $5.00 or 5% of the payment, whichever is less. |
|---|---|---|---|
| The cost of your credit as a yearly rate.<br><br>Prior to repayment: 5.07%<br>During repayment: 8% | The amount of credit provided to you.<br><br>$ 2,335.44 | Prepayment:<br>☐ may  ☒ will not  have to pay a penalty<br>☐ may  ☒ will not  be entitled to a refund of part of the finance charge. | If you pay off early, you<br><br>See the promissory note for any additional information about nonpayment, default, any required repayment in full before the scheduled date, and prepayment refunds and penalties. |

Itemization of the Amount Financed of $ 2,335.44

Loan Amount $ 2,500.00  Less: Prepaid Finance Charge $ 164.56  Equals: Amount paid to you $ 2,335.44

Pay To The Order of the
Illinois State Scholarship Commission

Includes:
Insurance Premium $ 39.56
Origination fee $ 125.00
( 5 % of Loan Amount)

NOTE 1 OF 1

### Promise to Pay Statement

THE WORDS I, ME, AND MINE REFER TO THE MAKER. THE WORDS YOU, YOUR, AND YOURS REFER TO THE LENDER OR SUBSEQUENT HOLDER.

FOR VALUE RECEIVED, I promise to pay to the order of __The North Shore National Bank of Chicago__

the Lender, or any subsequent holder, within the grace period after I either leave school or cease to carry at least one-half the normal academic workload at an eligible educational institution, the loan amount of $ 2,500.00 with interest on this loan amount, from the loan disbursement date, at the rate of 8 % per year until the Note is fully paid. To the extent interest on this Note shall be paid to the Lender on my behalf by the Secretary of Education of the United States, (hereinafter referred to as the Secretary), my obligation to pay interest shall be abated. The total of payments on this Note shall be (1), totalling $ 2,500.00 and shall be due on or before 09/30/85 , or at my option, I may select periodic payments by executing a Payout Note upon either leaving school or ceasing to carry at least one-half the normal academic workload.

NOTICE OF GUARANTEE TO THE LENDER:

| School Term Dates:<br>From / To | Insurance Premium:<br>From / To | Date Processed |
|---|---|---|
| 01/84  08/84 | 04/01/84  10/31/85 | 01/13/84 |

| Amount Guaranteed | Reduction Code | Academic Level | Amount Guaranteed At Academic Level | Amount Guaranteed To Date | Anticipated Date of Graduation |
|---|---|---|---|---|---|
| 2,500.00 | NONE | FRESHMAN | 2,500.00 | 2,500.00 | 04/30/85 |

0160506

I HEREBY ACKNOWLEDGE THAT I HAVE READ BOTH SIDES OF THIS NOTE INCLUDING ALL DISCLOSURES AND MY RIGHTS AND RESPONSIBILITIES. THERE ARE NO BLANK SPACES ON THIS NOTE ABOVE MY SIGNATURE. I AUTHORIZE THE USE OF MY SOCIAL SECURITY ACCOUNT NUMBER ON THIS NOTE AND THE OBTAINING AND GIVING OF CREDIT REPORTS ON ME IN CONNECTION WITH THIS LOAN. I AUTHORIZE MY SCHOOL AT ANY TIME TO RELEASE INFORMATION CONCERNING MY USE OF THE LOAN FUNDS. I HAVE RECEIVED AN EXACT COPY OF THIS NOTE.

Signature of Maker: James Reed   Date Signed: 1/26/84   Estimated Date of Disbursement: 2/1/84

Social Security Number

ISSC/ED-888-5/82    LENDER COPY    PRINTED BY AUTHORITY OF THE STATE OF ILLINOIS

PLAINTIFF'S EXHIBIT B NO. 192

**SECURITY INTEREST:**
All of my funds and property now or later in your custody, or in transit, shall be subject to a lien for my unpaid liabilities to you, and upon occurrence of a default hereunder, you shall have the right to off-set against such funds and property.

**PREPAID FINANCE CHARGE:**
A. INSURANCE PREMIUM: I agree to pay to you the Insurance Premium shown on the reverse side in the Itemization of the Amount Financed, on the date the loan proceeds are disbursed. I understand that you must pay the Illinois State Student Loan Program this Insurance Premium to obtain guarantee of this Note. I further understand that this Insurance Premium is equal to 1/12 of 1% of the loan amount for each month between the Insurance Premium dates shown on the reverse side. I further acknowledge that no part of this Insurance Premium is refundable after I have endorsed the check which represents the proceeds of the loan.

B. ORIGINATION FEE: I agree to pay to you the Origination Fee, shown on the reverse side in the Itemization of the Amount Financed, on the date the loan proceeds are disbursed. This Origination Fee is the amount authorized by Federal law. I understand that this Origination Fee is not refundable after I have endorsed the check which represents the proceeds of the loan.

**AGREEMENTS:**
Before funds are disbursed, I must sign this Note which includes the Borrower's Rights and Responsibilities. The loan proceeds must be forwarded to the school not earlier than 30 days prior to the beginning of the school term dates. (Under no circumstances should the Lender disburse funds directly to me.)

You and I agree that the maturity dates of all my other Interim Notes held by you and guaranteed by the Illinois State Scholarship Commission (hereinafter referred to as ISSC) shall be extended to the maturity date of this Note. I agree to observe and comply with all rules and regulations of the ISSC relating to this guaranteed loan and to inform you and the ISSC in writing within 10 days of any changes occurring in my school enrollment status, or in my name or address; I further authorize you to obtain enrollment and address information from any of the officers or agents of the educational institution in which I intend to become enrolled, am enrolled, or was enrolled. As a condition of receiving this loan, I agree that any subsequent legal proceedings, necessary to enforce the obligations to the ISSC, may be instituted in the County of Cook, State of Illinois, and that I will not object thereto, notwithstanding that at the time such proceedings are instituted, I may reside in a County other than Cook County. If I fail to make any payments when they are due, I will also pay all charges and other costs—including, but not limited to, reasonable attorney's fees and collection costs—incurred for the collection and/or enforcement of this Note.

**DEFERMENT:**
My payments of principal will be deferred after the repayment period begins, provided I comply with the procedural requirements set forth in the regulations governing the Guaranteed Student Loan Program (hereinafter referred to as GSLP) in any of the circumstances described below:
1. While I am enrolled in—
   A. Full-time study at a school that is participating in the GSLP (unless I am not a citizen or national of the United States and am studying at a school not located in the United States);
   B. Full-time study at an institution of higher education or a vocational school that is operated by an agency of the Federal Government (e.g., the service academies);
   C. A graduate fellowship program approved by the Secretary; or
   D. A rehabilitation training program for disabled individuals approved by the Secretary.
2. For periods not exceeding 3 years for each of the following while I am——
   A. On active duty in the Armed Forces of the United States or serving as an officer in the Commissioned Corps of the United States Public Health Service;
   B. Serving as a Peace Corps Volunteer;
   C. Serving as a full-time volunteer under Title I of the Domestic Volunteer Service Act of 1973 (ACTION programs) (e.g., VISTA);
   D. Serving as a full-time volunteer for an organization exempt from Federal income taxation under Section 501 (c)(3) of the Internal Revenue Code of 1954, which the Secretary has determined is comparable to service in the Peace Corps or Action programs; or
   E. Temporarily totally disabled, as established by affidavit of a qualified physician, or, unable to secure employment because I am providing care required by a spouse who is temporarily totally disabled, as established by affidavit of a qualified physician.
3. For a period not exceeding 2 years while I am serving in an internship that the Secretary has determined is necessary for me to gain professional recognition required to begin professional practice or service.
4. For a single period not exceeding one year while I am conscientiously seeking, but unable to find, full-time employment in the United States.

To be granted a deferment, I must provide you with written evidence of my eligibility. I must subsequently notify you as soon as the condition for which the deferment was granted no longer exists.

**ACCELERATION PROVISION:**
Upon the occurrence of any of the following events of default, this Note shall, at your option, become immediately due and payable: (1) I fail to make payments when due, or any installment of interest, unless you agree to allow the accrued interest to be capitalized as part of the principal amount at the signing of the Payout Note; or (2) I file a petition in bankruptcy; or (3) I shall have either left school or cease to carry at least one-half the normal academic workload at an eligible educational institution unless within 5 months after such cessation I shall have discharged this Note and all of my other Notes held by you by execution of a Payout Note, payable in equal monthly installments beginning within 30 days of the end of the Grace Period after cessation of enrollment or graduation, as the case may be; or (4) I make a false representation in any material respect on the loan application. All such representations contained in my loan application are incorporated herein by reference and made a part hereof. In the event of acceleration, interest shall continue to accrue on any unpaid balance. I hereby waive demand and presentment for payment and notice of dishonor.

**ACKNOWLEDGEMENTS:**
I acknowledge that under the Higher Education Student Assistance Law (Illinois Revised Statutes, Chapter 122, Section 30-15.11), I am legally obligated for payment of this Note even though I may be under the age of majority. I acknowledge receipt of an exact copy of this Note prior to consummation of the transaction.

**CANCELLATION:**
Upon the occurrence of my death, or if I become totally and permanently disabled (as determined by the rules and regulations of the ISSC), all loans shall be cancelled and reimbursements should be requested from the ISSC.

*Endorsed by first*
*1-3-86 Ane*

---

**BORROWER'S RIGHTS AND RESPONSIBILITIES**

1. **THE YEARLY AND CUMULATIVE MAXIMUM AMOUNTS THAT MAY BE BORROWED**

| Category of Borrower | Loan Limit per Academic Level | Aggregate Loan Limit |
|---|---|---|
| Undergraduate | $2,500 | $12,500 |
| Graduate or Professional | 5,000 | 25,000 (including undergraduate loans) |

2. **THE TERMS ON WHICH REPAYMENT WILL BEGIN**
   A. If I have an outstanding student loan bearing an interest rate of 7% or less, I am entitled to a 9 month grace period prior to beginning repayment of my loan. If I have an outstanding student loan bearing an interest rate of 9%, I am entitled to a 6 month grace period prior to beginning repayment of my loan.
   B. My grace period will begin on the day after I graduate or cease to be enrolled at least half-time at an eligible educational institution. I realize that I may choose to waive part or all of my grace period. If I choose to do so, I must submit a written request to you and sign a Payout Note. My first payment will then be due within 30 days of the signing of the Payout Note.
   C. I understand that I must make arrangements with you to sign a Payout Note within the first 5 months of my grace period.
   D. I understand that my first payment will be due within 30 days of the end of my grace period.

3. **THE MAXIMUM NUMBER OF YEARS IN WHICH THE LOAN MUST BE REPAID**
   A. I am aware that you will offer me repayment terms of at least 5 years, and not to exceed 10 years, provided that the $600 minimum annual repayment requirement is fulfilled.
   B. During my grace period, I may, if I choose and you agree, request in writing a shorter repayment period than 5 years. However, if I find later that I cannot meet these larger payments, then you must rewrite the Payout Note to allow me a total repayment period of 5 years.

4. **THE INTEREST RATE THAT WILL APPLY, AND THE MINIMUM AMOUNT OF REQUIRED MONTHLY OR OTHER PERIODIC PAYMENTS**
   A. I understand that if I have an outstanding guaranteed loan bearing an interest rate of 7% or less on the date I sign the Note for this loan, this loan and any subsequent loans I may obtain will also be at the 7% interest rate.
   B. I understand that if I am borrowing for the first time and for a period of instruction which begins on or after 1/1/81, this loan and any subsequent loans I may obtain will be at a 9% interest rate.
   C. Subject to the amount I borrow, the minimum monthly payment that I must pay is at least $50. If both my spouse and I have guaranteed loans outstanding, the combined payment must be at least $50 to all holders of my/our guaranteed student loans.
   D. If I am eligible for Federal Interest Benefits, the Federal Government will pay the interest that accrues on the loan both before the repayment period, during any authorized deferment period, and during the 6 month post-deferment extension.

5. **RIGHTS I MAY HAVE FOR DEFERMENT, CANCELLATION, PREPAYMENT, CONSOLIDATION OR REFINANCING OF THE LOAN**
   A. [Under certain requirements,] I have the right to defer payments on the loan as set forth under DEFERMENT in the Note. Also, I may have a right to a 6 month post-deferment extension after the end of authorized deferment.
   B. If you sell the loan or otherwise transfer the right to receive payment, I must be sent a clear notification which spells out my obligation to the party to which my

C. My loan obligation will be cancelled if I become totally and permanently disabled or if I die. The GSLP does not have provisions which enable this loan to be cancelled or forgiven in whole or in part if I become a teacher.
D. I have the right to an early repayment of the whole loan, or any portion of the loan, at any time without penalty.
E. If I am willing, but financially unable, to make payments under my repayment schedule, I may request you to allow for any of the following: (1) a short period during which I make no payments; (2) an extension of time for making payments; or, (3) the making of smaller payments than were scheduled originally. However, you are not required to approve my request.
F. I may request that my Guaranteed Student Loans, as well as my National Defense/Direct Student Loans and Health Education Assistance Loans, be consolidated into one longer-term loan to be made by the Student Loan Marketing Association (SLMA or Sallie Mae) if I have outstanding a total of more than $5,000 of these loans either: (1) under more than one of the above programs; (2) from more than one Lender; or (3) insured by more than one guarantor. Also, if I have outstanding Guaranteed Student Loans in excess of $7,500 from a single Lender, I may request that SLMA consolidate them into a new loan. Additional details on how this would affect my payment schedule and interest rate are available from the Student Loan Marketing Association, 1055 Thomas Jefferson Street N.W., Washington, D.C. 20007.

6. **A DEFINITION OF DEFAULT AND THE CONSEQUENCES TO ME IF I SHOULD DEFAULT, INCLUDING A DESCRIPTION OF ANY ARRANGEMENTS MADE WITH CREDIT BUREAU ORGANIZATIONS**
Default occurs when I fail to make an installment payment when due, or to meet other terms of the Note under circumstances where the State of Illinois finds it reasonable to conclude that I no longer intend to honor the obligation to repay. If I default, you will ask the State of Illinois to purchase my loan, at which time I will owe the entire balance of the loan directly to the State of Illinois. You or the State of Illinois may report my failure to pay my loan to a credit bureau, which may injure my credit rating. Upon request, you must describe any arrangements made with credit bureau organizations concerning student loans.

7. **A STATEMENT CONCERNING THE EFFECT, TO THE EXTENT PRACTICABLE, WHICH THIS LOAN WILL HAVE ON MY ELIGIBILITY FOR OTHER FORMS OF STUDENT ASSISTANCE**
I should investigate the availability of other forms of financial aid with my school's financial aid administrator. It may be to my benefit to determine my eligibility for grants, work-study funds, and other sources of assistance before applying for a student loan. I understand that the receipt of a Guaranteed Student Loan may eliminate or reduce any funds that I may receive from other programs.

8. **BORROWER'S RESPONSIBILITIES**
   A. I must use the proceeds that I received from this loan for tuition and other reasonable and authorized expenses including room, board, fees, books, supplies, equipment, laboratory, transportation and commuting, all of which must be incurred only for the purposes of attending the school named for the period indicated on the loan application.
   B. I must notify you promptly, in writing, if any of the following events occur before the loan is repaid: (1) my failure to enroll in school for the period for which the loan was intended; (2) my withdrawal from school or my attendance in school on less than a half-time basis; (3) my transfer from one school to another school; (4) my graduation; (5) change of my name (e.g., maiden name to married name); and (6) a change of my address.

NOTE: If the Lender has terms or conditions which differ from the above, these terms or conditions must be provided to me in writing.

REEL: AF459 CLAIM NO. 1007-0527821 LS-1C-55 55 TL TL

PLAINTIFF'S EXHIBIT NO. B-2
PENGAD-Bayonne, N.J.

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION
### Civil Cover Sheet

**FILED JUN 26 2001 MICHAEL W. DOBBINS CLERK U.S. DISTRICT COURT**

This automated JS-44 conforms generally to the manual JS-44 approved by the Judicial Conference of the United States in September 1974. The data is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. The information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is authorized for use only in the Northern District of Illinois.

**01C4866**

**Plaintiff(s):** UNITED STATES OF AMERICA

**Defendant(s):** James Roberts

10342 S. Church
Chicago, Il 60643

**MAGISTRATE JUDGE ASHMAN**

**County of Residence:**

**County of Residence:** COOK

**Plaintiff's Atty:** Margaret Keen
TELLER, LEVIT & SILVERTRUST, P.C.
Attorney for Plaintiff
11 East Adams Street
Chicago, IL 60603
312-922-3030

**Defendant's Atty:** ---

**II. Basis of Jurisdiction:** 1. U.S. Gov't Plaintiff

**III. Citizenship of Principal Parties (Diversity Cases Only)**
Plaintiff: - N/A
Defendant: - N/A

**IV: Origin:** 1. Original Proceeding

**V: Nature of Suit:** 152 Student Loan - non VA

**VI: Cause of Action:** Dept. of Education defaulted student loan pursuant to Title IV of the Higher Education Act of 1965, as amended, 20 U.S.C. 1087-1087ii

**VII: Requested in Complaint**
Class Action: No
Dollar Demand: $5,941.40
Jury Demand: No

**VIII.** This case **Is Not** a refiling of a previously dismissed case. (If yes case number ___ by Judge ___)

Signature: Margaret M. Keen

Date: June 22, 2001

Revised: 03/10/99

**DOCKETED JUN 26 2001**

## UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS

**FILED**

JUN 26 2001

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

In the Matter of

UNITED STATES OF AMERICA,
        PLAINTIFF,
   V.

JAMES REED, DEFENDANT

Case Number: **01C4866**

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

UNITED STATES OF AMERICA, PLAINTIFF

MAGISTRATE JUDGE ASHMAN

MAGISTRATE GENERAL

| (A) | (B) |
|---|---|
| SIGNATURE: *Margaret M. Keen* | SIGNATURE: |
| NAME: Margaret M. Keen | NAME: |
| FIRM: Teller Levit & Silvertrust | FIRM: |
| STREET ADDRESS: 11 East Adams, #800 | STREET ADDRESS: |
| CITY/STATE/ZIP: Chicago, IL 60603 | CITY/STATE/ZIP: |
| TELEPHONE NUMBER: 312-922-3030 | TELEPHONE NUMBER: |
| IDENTIFICATION NUMBER: 6256183 | IDENTIFICATION NUMBER: |
| MEMBER OF TRIAL BAR? YES ☐ NO ☒ | MEMBER OF TRIAL BAR? YES ☐ NO ☐ |
| TRIAL ATTORNEY? YES ☐ NO ☒ | TRIAL ATTORNEY? YES ☐ NO ☐ |
| | DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ |

| (C) | (D) |
|---|---|
| SIGNATURE: | SIGNATURE: |
| NAME: | NAME: |
| FIRM: | FIRM: |
| STREET ADDRESS: | STREET ADDRESS: |
| CITY/STATE/ZIP: | CITY/STATE/ZIP: |
| TELEPHONE NUMBER: | TELEPHONE NUMBER: |
| IDENTIFICATION NUMBER: | IDENTIFICATION NUMBER: |
| MEMBER OF TRIAL BAR? YES ☐ NO ☐ | MEMBER OF TRIAL BAR? YES ☐ NO ☐ |
| TRIAL ATTORNEY? YES ☐ NO ☐ | TRIAL ATTORNEY? YES ☐ NO ☐ |
| DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ | DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ |

DOCKETED JUN 26 2001

PLEASE COMPLETE IN ACCORDANCE WITH INSTRUCTIONS ON REVERSE.